**Varuzh ZOHRABYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72607.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Varuzh Zohrabyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Varuzh Zohrabyan, a native of Iran and a citizen of Armenia, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Rostomian v. INS*, 210 F.3d 1088, 1088 (9th Cir.2000), we grant in part and remand, and deny in part.

Substantial evidence does not support the BIA's determination that the harms Zohrabyan suffered were not on account of a protected ground because the prison guards told Zohrabyan to quit politics as they beat him. *See Ali v. Ashcroft*, 394 F.3d 780, 786 (9th Cir.2005). Additionally, there was a nexus between the beatings Zohrabyan suffered and his testimony against prison corruption. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005).

Therefore, we grant the petition and remand for further proceedings to determine whether Zohrabyan is eligible for asylum or withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

To the extent that Zohrabyan challenges the sufficiency of his translation, Zohrabyan failed to establish that he had diffi-culty understanding the translator or that a better translation would have made a difference in the outcome of his case. *See Perez–Lastor v. INS*, 208 F.3d 773, 779–80 (9th Cir.2000).

We lack jurisdiction to consider Zohrabyan's challenge to the denial of CAT relief because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

The government's motion to strike Zohrabyan's supplement to his reply brief is granted. The supplement is stricken.

**PETITION FOR REVIEW GRANTED in part and REMANDED; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

